UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

```
F I L E
   ○. I 7 2008
CLERK, U.S. DISTRICT COURT
        RICHMOND. VA.
```

JOHN SHELTON,

                                    Plaintiff,

    v.                                              Action No. 3:08–CV–399

UNITED STATES POST OFFICE, JOHN
DOE I, AND JOHN DOE II,

                                    Defendants.

MEMORANDUM OPINION

    THIS MATTER is before the Court on Plaintiff's Motion to Compel Production of

Documents (Docket No. 2) filed June 26, 2008, Motion to Amend (Docket No. 3) filed June

30, 2008, Petition to Perpetuate Testimony (Docket No. 5) filed July 28, 2008, and Motion

to Continue Petition to Perpetuate (Docket No. 6) filed July 28, 2008.  Also at issue is

Defendant's Motion to Dismiss (Docket No. 7) filed August 25, 2008.[1]  For the reasons that

follow, the Court wil DENY Plaintiff's Motions and GRANT Defendant's Motion to Dismiss.

I. BACKGROUND

    Shelton filed a Complaint against "The United States Post Office" on June 26, 2008,[2]

alleging violation of Fourteenth Amendment rights of due process and equal protection.

---

[1] Roseboro Notice as to the Motion to Dismiss (Docket No. 9) was sent to Plaintiff on August 25,
2008. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

[2] Plaintiff previously filed a lawsuit based on the same underlying facts April 3, 2007. See
Shelton v. U.S. Post Office, et al., Civil Action No. 3:07-CV-178.  The Court dismissed the prior
action without prejudice by Order dated July 25, 2007, on Plaintiff's Motion pursuant to Rule
41(a) submitted during oral argument on July 23, 2007.

Shelton purports to rely upon 42 U.S.C. §§ 1983, 1343, 1985, 1988, and the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA").[3]

Shelton alleges on March 29, 2005 he brought to the U.S. Post Office on Brook Road in Richmond, Virginia, a package containing his Petition for Appeal to the Virginia Supreme Court. He further alleges that two unidentified employees of the U.S. Postal Service ("USPS") stamped his mail with the incorrect date. To be timely, the Petition had to be postmarked March 29, 2005, but apparently the USPS workers marked it March 30, 2005. According to Plaintiff, this error caused him to lose the opportunity to file his Petition for Appeal. Plaintiff alleges that Defendants were acting under color of law to deprive him of Fourteenth Amendment rights, Defendants discriminated against him on the basis of race in the use of public facilities, and that this deprivation entitles him to "at least $50,000" in damages, in addition to any other remedies the Court might find appropriate. (Compl. at 3.)

Following the Complaint, Plaintiff filed a slew of motions, including the Motions cited above and, most recently, Motions for Extension of Time to File a Response (Docket Nos. 11 & 12), filed September 15, 2008 and October 1, 2008, and a Motion to Amend (Docket No. 13) filed October 1, 2008.[4] Defendant filed its Motion to Dismiss (Docket No. 7) based upon Rules 12(b)(1) and 12(b)(6) claiming a lack of subject matter jurisdiction, failure to state a claim, and expiration of the relevant statutes of limitations.

---

[3]In light of the fact that § 1983 and related statutes do not apply to federal officials, the Court may presume that Plaintiff attempts to assert a Bivens action. See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

[4] It seems that Plaintiff erroneously believed Motions to Amend his Answer were necessary in order to respond to Defendant's Motion to Dismiss.

## II. LEGAL STANDARD FOR DISMISSAL

Plaintiff bears the burden of establishing subject matter jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Where sovereign immunity bars the claim, the Court lacks subject matter jurisdiction and must dismiss the case. See Kramer v. United States, 843 F. Supp. 1066, 1068 (E.D. Va. 1994). Moreover, a complaint should be dismissed for failure to state a claim if the plaintiff "would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). In contemplating a 12(b)(6) motion, the Court must "take the facts in the light most favorable to the plaintiff," but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (citing Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)). In sum, the complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1974 (2007).

## III. MOTION TO DISMISS AS TO PLAINTIFF'S FTCA CLAIM AGAINST USPS

Plaintiff's claims based upon the FTCA are time barred. Claims brought under the FTCA, "shall be forever barred unless . . . presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it

3

was presented." 28 U.S.C. § 2401(b)(2006).  Thus, the statute sets two time limits:  two years for filing an administrative claim with the appropriate agency and six months for filing with the district court after an administrative claim has been finalized.  A plaintiff must comply with both time requirements to avoid being time barred.  See Laroque v. United States, 750 F. Supp. 181, 183 (E.D.N.C. 1989), aff'd, 917 F.2d 557 (4th Cir. 1990).

Defendant correctly points out that Plaintiff has failed to meet either time requirement.  The latest time at which Plaintiff's claim could have accrued would have been June 6, 2005, the date the Virginia Supreme Court entered an order denying Plaintiff's Petition for Review.  Therefore, Plaintiff should have filed an administrative claim with the USPS within two years of that date.  Plaintiff failed to file his administrative claim until July 30, 2007.  Notwithstanding this untimely filing, USPS entertained the FTCA administrative claim, subsequently denied relief, and mailed notice of such to Plaintiff on December 20, 2007.[5]  According to the statute, assuming the untimeliness of the administrative complaint did not independently bar access to the federal courts, Plaintiff should have filed his Complaint with this Court within six months of the mailing of the USPS letter denying relief, June 20, 2008.  Plaintiff failed to file a claim until June 26, 2008, after the limitations period had expired.[6]  As such, Plaintiff's FTCA claim is "forever barred" under § 2401(b).

---

[5]The letter advised Plaintiff that if he was dissatisfied with the denial, he could file a lawsuit in this Court or file a request for reconsideration within six months of the date of the letter.  This advice was probably erroneous based upon Laroque, 750 F. Supp. at 183, but, in light of the following, the Court need not address what effect this statement has on its jurisdiction.

[6]Plaintiff filed a request for reconsideration on June 25, 2008, the day before filing the Complaint in the instant matter.

Plaintiff argues that his claim did not accrue on June 6, 2005 because he was not aware that the workers who stamped his package with the incorrect date were post office workers. (Pl.'s Resp. at 2.) This argument is implausible on its face.

Moreover, Plaintiff argues that this Court should equitably toll the statute of limitations because he filed a cause of action based on the underlying events in March of 2007.[7] (Id.) Plaintiff cites Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991) (citing Irwin v. Dep't of Veteran's Affairs, 498 U.S. 89 (1990)), to support his proposition. To the contrary, Defendant argues the fact that Plaintiff previously filed an action based on the underlying facts in April of 2007, does not toll the statute. See Braxton v. Va. Folding Box Co., 72 F.R.D. 124, 126 (E.D. Va. 1976) ("[T]he statute of limitations is not tolled by filing an action that is subsequently voluntarily dismissed.") (internal citations omitted).

Neither of the cases cited by the parties are helpful. The authority on which Defendant relies does not speak specifically to the statute of limitations under the FTCA or the circumstances which present themselves in the instant case. Braxton addresses the application of the statutes of limitations for Title VII and § 1981 suits following voluntary withdrawal of a Motion to Intervene in a related cause of action. In point of fact, this Court in Braxton allowed the plaintiffs to proceed with their discrimination suit, even though the applicable statutes of limitations had run, because "[p]laintiffs' claims [were] not so inconsequential to be permitted to perish by reason of a tactical blunder." Braxton, 72

---

[7]Plaintiff erroneously cites March 29, 2007 as the date the 2007 complaint was filed. However, the docket sheet shows that Shelton filed a Motion to Proceed In Forma Pauperis on March 30, 2007, and the Court granted the Motion on April 3, 2007. See Shelton v. U.S. Post Office, et al., Civil Action No. 3:07-CV-178 (E.D. Va. Apr. 3, 2007).

F.R.D. at 127 (vacating order granting voluntary dismissal and entering order nunc pro tunc reflecting the understanding prior to voluntary dismissal that the suit would go forward in a separate action).[8] Braxton demonstrates that this Court has in fact applied a version of the equitable tolling doctrine in the Title VII and § 1981 arena. This militates against Defendant's position.

Notwithstanding Defendant's misplaced reliance upon Braxton, Plaintiff has misconstrued the point of Schmidt. The issue in Schmidt was whether the court could equitably toll the statute of limitations under the FTCA since neither the plaintiff nor the government could demonstrate the date on which final notice of administrative denial was mailed. The Eighth Circuit reasoned that the Supreme Court's ruling in Irwin, 489 U.S. at 95-96 (applying the doctrine of equitable tolling to cases where the United States has waived sovereign immunity under Title VII), necessarily presumed that the statute of limitations was not jurisdictional. Schmidt v. United States, 933 F.2d at 640. As a result, the Schmidt court construed the statute of limitation under the FTCA as an affirmative defense that the government bore the burden of proving. Id. (stating that if the 12(b)(1) motion had instead been a motion for summary judgment, the government would not have been able to overcome a reading of the facts in the light most favorable to the nonmovant).[9]

---

[8] This court noted that the statute of limitations problem could have been avoided and the desired result of trying the Intervenor's case separately had the court granted the Motion to Intervene and then severed the action under Federal Rules of Civil Procedure 24 and 42(b). Braxton, 72 F.R.D. at 127.

[9] The Fourth Circuit has not spoken specifically to the operation of this principle with regard to the FTCA—that is, whether the FTCA's statute of limitations is an affirmative defense rather than a jurisdictional prerequisite. Yet, the Fourth Circuit has stated "waivers of sovereign

In the instant case, Schmidt's principle does not aid Plaintiff. Even if Defendant bears the burden of proving the statute of limitations as an affirmative defense, it has done so. The date USPS mailed its letter denying administrative relief has been established as December 20, 2007, and this has not been disputed by Plaintiff. Therefore, the statute of limitations under the FTCA had run when Plaintiff filed suit on June 26, 2008.

As a result, the Court finds that it should not equitably toll the FTCA statute of limitations. Therefore, Plaintiff has filed this Complaint untimely, this Court lacks jurisdiction to hear the matter, and will GRANT Defendant's Motion to Dismiss with regard to the FTCA claims against USPS.

IV. MOTION TO DISMISS AS TO PLAINTIFF'S BIVENS CLAIMS

A. Against USPS

Plaintiff cannot bring a Bivens claim against USPS as a government agency. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). In Meyer, the Supreme Court specifically held that Bivens jurisdiction could not be extended to encompass federal agencies. Id. at 484-86. Therefore, the Court will GRANT Defendant's Motion to Dismiss with regard to Plaintiff's attempt to assert such a claim.

---

immunity must be construed strictly in favor of the sovereign and not enlarged beyond what the language requires." Middlebrook v. Leavitt, 525 F.3d 341, 347 (4th Cir. 2008) (internal quotation marks omitted). See also Fraham v. U.S., 492 F.3d 258, 262 ("[T]he scope of a waiver of the Government's sovereign immunity will be strictly construed . . . in favor of the sovereign.") (citing Lane v. Pena, 518 U.S. 187, 192 (1996) (internal quotation marks omitted)). Strictly construing the waiver in favor of the sovereign suggests courts should avoid allowing suit in violation the plain language of the FTCA's statute of limitations. See Middlebrook, 525 F.3d at 347.

7

B. <u>Against the Unidentified USPS Workers</u>

Plaintiff filed his <u>Bivens</u> claim against the John Doe defendants after the applicable statute of limitations had run. "As with § 1983 actions, for purposes of the statute of limitations, <u>Bivens</u> actions are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred." <u>Smith v. Bledsoe</u>, 2007 WL 152117, at *2 (W.D. Va. Jan. 16, 2007). <u>See also</u> <u>Blanck v. McKeen</u>, 707 F.2d 817, 819 (4th Cir. 1983) (applying Virginia statute of limitations as "most closely analogous statute of limitations" to cause of action under First and Fifth amendment). Virginia has a two-year statute of limitations for personal injury claims. Va. Code Ann. § 8.01-243 (2008). However, "if any action is commenced within the prescribed limitations period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period in which such action may be brought within the remaining period." Va. Code Ann. § 8.01-229 (2008). Therefore, the time during which Plaintiff's earlier case was pending should not count against Plaintiff when determining the timeliness of the instant <u>Bivens</u> action against the yet unidentified postal workers. <u>See</u> <u>Bond v. United States</u>, 2008 WL 2641247, at *2 (E.D. Va. July 2, 2008) (applying § 8.01-229 to § 1983 claim and citing <u>Scoggins v. Douglas</u>, 760 F.2d 535, 537 (4th Cir. 1985)).

As stated earlier, the latest point at which Plaintiff's injury accrued would have been June 6, 2005, the date on which the Virginia Supreme Court dismissed his Petition for Review as untimely. Over two years and eight months passed between that date and the

8

filing of the Complaint in the instant suit.  This calculation does not include the time during which his earlier lawsuit was pending (April 3, 2007 through July 25, 2007).  As such, Plaintiff's <u>Bivens</u> claim against the unidentified postal workers is time-barred.

Accordingly, the Court will GRANT Defendant's Motion to Dismiss as to the <u>Bivens</u> claims against the John Doe Defendants.

## V.  PLAINTIFF'S MOTIONS

Plaintiff has filed several motions including Motions to Compel Production of Documents (Docket No. 2) filed June 26, 2008; Amend (Docket No. 3) filed June 30, 2008; Perpetuate Testimony (Docket No. 5) filed July 28, 2008; Continue Petition to Perpetuate Testimony (Docket No. 6) filed July 28, 2008; and for Extension of Time to File Response (Docket No. 11), filed September 15, 2008.

Because the statute of limitations expired prior to Plaintiff's filing of this case, the Court will DENY all of Plaintiff's Motions.

## VI.  CONCLUSION

Based on the foregoing, the Court will GRANT Defendant's Motion to Dismiss in its entirety and DENY Plaintiff's several Motions.

It will be SO ORDERED.

/s/
_____
James R. Spencer
Chief United States District Judge

ENTERED this _16_ th day of October 2008

9